148 So. 747

## WATKINS v. STATE.

8 Div. 374.

Court of Appeals of Alabama.
April 11, 1933.

Rehearing Denied May 9, 1933.

Seybourn H. Lynne, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

■ The evidence was in conflict, making the question of guilt of defendant one of fact for the jury.

The following appears in the bill of exceptions:

"Gentlemen, something has been said about the Sheriff had not authorized certain witnesses to go over and locate the still. I charge you that the highest duty of a citizen is to report and turn over criminals in support of his government.

. "By the Court: I don't think I said that and stopped there. I think I went on with the sentence. I was defining to you at 'the time, the duty of a citizen with reference to arresting violators of the law; and if they are violating the law, they would be criminals. I had no purpose or thought in that of charging whether this defendant was a criminal or not, and you must not so understand it, and I don't think you did."

Preceding this is a heading by the clerk: "Exceptions to court's charge." If the above can be considered as an exception to an excerpt from the court's oral charge, we find by a reference to the court's oral charge on that point that the court is not correctly quoted and that what he really instructed the jury was materially different from the excerpt above set out.

■ In the argument of the solicitor to the jury he referred to the defendant as a moonshiner. This was objected to by the defendant and the objection was sustained. There is therefore nothing to review.

■ Refused charge D does not exclude the act of aiding and abetting on the part of defendant, and for that reason is bad.

The oral charge of the court was full and gave to the defendant every right to which, under the law, he was entitled.

. We find no error in the record, and the judgment is affirmed. .

Affirmed.