82 So.2d 809

**Luther HAMPTON**

v.

**STATE.**

**8 Div. 703.**

Court of Appeals of Alabama.

Oct. 11, 1955.

Russell W. Lynne, Decatur, for appellant.

John Patterson, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Edmon L. Rinehart, of counsel, for the State.

BONE, Judge.

Appellant was indicted for selling or having in his possession prohibited liquors or beverages. Upon a plea of not guilty trial was had and the jury returned a verdict of guilty, fixing a fine of fifty dollars. The court further sentenced appellant to a term of four months hard labor as additional punishment. Appellant moved for a new trial, which motion was overruled. From the judgment and sentence this appeal is taken.

On an afternoon in late May or early June of 1954, Mrs. Annie Sparkman and her husband, Earl Sparkman, residents of Oak Ridge, Alabama, were driven by a neighbor, Mrs. Lois Vest, in the Sparkmans' truck to the home of appellant, who also lived in Oak Ridge, Morgan County, Alabama. Appellant came to the truck which had been pulled up in front of his house. Mr. Sparkman asked Hampton for some whiskey, and appellant then went either into his house or around to the back of it and returned with a full bottle of whiskey, which Mrs. Sparkman and Mrs. Vest said contained a fifth of a gallon. Ap-

pellant handed the bottle into the cab of the truck where it was placed on the floor in front of Mr. Sparkman. Mrs. Sparkman paid for this whiskey with a ten dollar bill, getting seven dollars and a half change from Hampton.

According to the testimony of both women, Mr. Sparkman was somewhat drunk at this time. It was sufficiently light to see the bottle and its contents. Mrs. Vest testified that she was familiar with the smell and taste of whiskey and that she smelled whiskey when the bottle in question was in the cab of the truck, and that Mr. Sparkman drank from it at that time.

The Sparkmans and Mrs. Vest returned to the Sparkman home where, according to Mrs. Sparkman, her husband consumed most of the whiskey. She further testified that she was a "teetotaler", but that she was familiar with the taste and smell of whiskey and on the day in question she tasted what she described as the reddish contents of the bottle, and that it was whiskey.

The appellant offered no evidence.

Appellant assigns twenty grounds in support of his motion for a new trial.

█ The first five assignments raise the single proposition that the verdict of the jury was not supported by the evidence. This contention is clearly without merit. The uncontroverted facts produced on the trial are to the effect that appellant handed the whiskey to Mr. Sparkman, for which Mrs. Sparkman paid $2.50. The testimony of each of the witnesses was corroborated by the others in material details, and the testimony of each was consistent on cross-examination. The appellant offered no evidence in rebuttal. The State's evidence was sufficient to support a conviction, and, the appellant having produced no evidence to rebut it, appellant's assignments of error 1 through 5 are without merit.

█ Grounds 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 of the motion for a new trial are on the court's rulings on the admissibility of the evidence. We have examined each question carefully and the rulings of the court on each question, and do not find error in any of them.

In ground No. 19 of the motion for a new trial, appellant complains that the court erred in overruling his motion for a mistrial when, during argument, the solicitor stated as follows: "When you get to singing (sic) an Old Bootlegger's hairs down to roots and etc."

It is to be noted that when appellant's counsel objected to the foregoing statement of the solicitor, his objection was sustained, and the jury was instructed that such a remark was not proper argument and should not be considered as evidence.

█ We do not think that the statement was of such a prejudicial nature that it could not be eradicated from the mind of the jury. Therefore the motion for a mistrial was properly overruled. Watkins v. State, 25 Ala.App. 440, 148 So. 747.

Ground No. 20 in support of the motion for new trial complains that the court erred in refusing the following written charge:

"1. If you are satisfied that prior to the commission of the acts alleged to constitute the crime, that the defendant never conceived any intention of committing the offense or similar offense, but that the witnesses of the State incited and by suasion and representations lured him to commit the offense alleged in order to entrap and prosecute him therefor, then these facts are fatal to the prosecution and the defendant is entitled to a verdict of not guilty."

█ The foregoing written requested charge was not predicated on any evidence in the case, and was properly refused. There was no evidence whatsoever of suasion, or representation, or entrapment.

We have diligently searched the record for error, and, having found none, we are of the opinion that the judgment should be and the same is hereby affirmed.

Affirmed.